**136**

Glen BERG, et al., Plaintiffs,

and

Jamie Lubin, et al.,
Plaintiffs-Appellants,

v.

UNDERWOOD'S HAIR ADAPTION
PROCESS, INC., et al., and Kaneka
America Corporation and Monsanto
Company, Defendants-Appellees.

KANEKA AMERICA CORPORATION
and Monsanto Company,
Third-Party Plaintiffs,

v.

Christine UNDERWOOD,
Third-Party Defendant.

No. 467, Docket 84-7675.

United States Court of Appeals,
Second Circuit.

Argued Dec. 7, 1984.

Decided Dec. 26, 1984.

Steven Bennett Blau, New York City
(Defina & Blau, P.C., New York City, of
counsel), for plaintiffs-appellants.

William F. Sondericker, New York City
(Olwine, Connelly, Chase, O'Donnell &
Weyher, Robert J. Kochenthal, Jr., New
York City, of counsel), for defendant-appellee, Kaneka America Corp.

Joseph M. Costello, New York City (Costello & Shea, New York City, of counsel),
for defendant-appellee, Monsanto Co.

Before FEINBERG, Chief Judge, and
OAKES and NEWMAN, Circuit Judges.

PER CURIAM:

Plaintiffs-appellants were injured in New
York when a licensed medical practitioner
implanted synthetic fibers into their scalps
as a treatment for baldness. They allege
that defendants-appellees, who manufactured or assisted in the distribution of the
fibers for use in hairpieces, wigs and other
products, are liable on theories of strict
products liability and negligence for failing
to warn of the hazards of this unintended,
but foreseeable, misuse. Appellants claim
that the duty to warn was particularly
strong since appellees had advance knowledge that various practitioners were using
the fibers for implants.

The United States District Court for the
Southern District of New York, Whitman
Knapp, J.; initially denied appellees' motion
for summary judgment on the ground that
the law imposes upon them a duty to "do
all that is commercially feasible" to warn
of the potential dangers of surgical implantations of the fibers—including, for example, placing "notices in trade journals or

warnings on packages of the fibers or on products such as wigs from which the fibers could be extracted." Upon reargument, the court reversed its earlier ruling and granted appellees' motion for summary judgment. The judge concluded that appellees could not have prevented plaintiffs' injuries even with extensive warnings and labels, because the products were widely available from numerous sources, including those with whom appellees had no contact. Even if appellees' distributees had refused to sell the fibers to the doctor who performed the implants, he could have obtained them elsewhere. Thus, appellees could not be faulted for failing to warn their distributees or to place labels on packages. The district court rejected as impractical, and not supported by the case law, plaintiffs' contention that appellees had a duty to warn all possible sources of the product, and the general public, of the potential hazard.

We agree with the district court and find no basis in New York law, which the parties apparently agree is the governing law, for imposition of such a far reaching obligation on appellees. Plaintiffs were injured by a bizarre and deliberate abuse by a licensed medical practitioner of a nonmedical commercial product. In light of the wide availability of the fibers, and the doctor's apparent disregard of the injurious effects of the implantations, we do not believe a New York court would impose liability on these appellees. The duty to guard against a potential misuse of a product does not extend this far. New York courts have reached similar conclusions in related cases involving appellee Kaneka America Corporation. *Sabatini v. Kleiman, et al.,* No. 4658/80 (N.Y.Sup.Ct., Dec. 5, 1983); *Denni v. Kleiman, et al.,* No. 21760/80 (N.Y.Sup.Ct., Dec. 5, 1983); *Tanase v. Underwood,* No. 42777/79 (N.Y. Sup.Ct., June 30, 1982); but see, *Yanakas v. Underwood, et al.,* No. 11440/80 (N.Y. Sup.Ct., Aug. 13, 1984).

Affirmed.